IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00165-RPM

EMILIAN WOJCIK,

    Plaintiff

v.

UNITED STATES OF AMERICA, and
MELANIE BLIM,

    Defendants.

## PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), and upon a showing of good cause in support of the entry of a Protective Order to protect the production, discovery, and dissemination of confidential information and/or sensitive data or records, IT IS HEREBY ORDERED:

1. This Protective Order shall apply to all documents, materials, and information disclosed by the parties in this case (the "Document(s)"). This Protective Order applies, without limitation, to Documents exchanged pursuant to informal discovery, this Court's Order of June 9, 2015 (Doc. No. 34), or the disclosure or discovery obligations created by the Federal Rules of Civil Procedure, including, without limitation, documents produced, including electronic discovery, video and photographic materials, answers to interrogatories, responses to requests for admission, deposition testimony, and other information.

2. Documents that implicate the personal privacy of Plaintiff; the personal privacy of Plaintiff's immediate family, including his wife, his minor children, and/or his wife's minor children; the personal privacy of Defendant Melanie Blim or former Defendant Aaron Blim; and/or sensitive and/or limited-use governmental records may be marked as "CONFIDENTIAL." CONFIDENTIAL Documents shall not be disclosed or used for any purpose except the litigation of this case, except as allowed by this Protective Order or otherwise ordered by the Court.

3. Documents produced in this litigation may include materials encompassed by the Privacy Act of 1974, 5 U.S.C. § 522a. If Defendant the United States produces to Plaintiff a document that would otherwise be protected by the Privacy Act, this order is an order of the Court pursuant to 5 U.S.C. § 552a(b)(11), which allows for such production. Defendant may designate such Documents as CONFIDENTIAL.

4. Except as provided elsewhere in this Protective Order, a Document that is designated as "CONFIDENTIAL" by the United States shall not be disclosed to any person other than Plaintiff and his counsel.

5. Documents designated "CONFIDENTIAL" may be disclosed to:

   a. Parties;

   b. Attorneys actively working on this case;

   c. Persons regularly employed by or associated with the attorneys actively working on this case, including agency counsel;

   d. Employees of the Department of Justice and the United States Army with a need

to have access to such Documents in connection with this litigation, including agency counsel, provided however that this Protective Order shall not prevent any Department of Justice or United States Army employee from having access to records to which such employee would normally have access in the regular course of his or her employment.

    e. Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation for trial, at trial, or at other proceedings in this case;

    f. Witnesses, court reporting personnel, and videographers during depositions;

    g. The Court, and necessary Court staff; and

    h. Other persons by written agreement of counsel for the parties or further order of the Court.

6. Prior to disclosing any Document designated "CONFIDENTIAL" to any person listed in Paragraphs 5(d), 5(e), 5(f), 5(h), counsel for the disclosing party shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions and subject to this Court's jurisdiction. All such acknowledgments shall be retained by counsel for each respective party and shall be subject to *in camera* review by the Court if good cause is demonstrated by the opposing party.

7. Whenever a deposition involves the disclosure of a Document designated

"CONFIDENTIAL," the deposition transcript or portions thereof shall be designated as "CONFIDENTIAL" and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate deposition transcripts, or portions thereof, as CONFIDENTIAL after transcription, provided written notice is given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. In the event that a party desires to use a CONFIDENTIAL Document as an exhibit to a Court document, the CONFIDENTIAL Document shall be (1) redacted to protect from public disclosure any CONFIDENTIAL information, as described in paragraphs 2 and 3, or (2) filed under seal pursuant to F.R.C.P. and/or D.C.Colo.LCivR. The parties shall confer in good faith prior to filing any such Documents in an effort to agree on what information, if any, should be redacted prior to filing.

9. At any time prior to the final pretrial conference, a party may object to the designation of a Document as "CONFIDENTIAL" by giving written notice to counsel for the party designating the disputed Document. The written notice shall specifically identify the portion of the Document to which the objection is made. If the parties cannot resolve the dispute within ten business (10) days after the time the written notice is received (or within a different time frame if agreed to by the parties), it shall be the obligation of the party designating the Document as CONFIDENTIAL to file within ten (10) business days thereafter (or within a different time frame if agreed to by the parties) an appropriate motion requesting that the Court determine whether good cause exists for the disputed Document to be treated as CONFIDENTIAL and subject to the terms of this Protective

SPRINGS/1514784.1

Order. The motion may attach the disputed Document as an exhibit to the motion as provided in Paragraph 8 of this Protective Order. If such a motion is timely filed, the disputed Document shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed Document shall lose its designation as CONFIDENTIAL.

10. Claw Back Rights.
    a. The inadvertent production without a proper designation of Documents that should have designated as "CONFIDENTIAL" shall not be deemed a waiver of such status.
    b. If any party inadvertently produces a Document that has not been designated properly in accordance with this Protective Order, the producing party shall inform the receiving party within five (5) business days of the discovery. With respect to CONFIDENTIAL Documents that were inadvertently not designated as such, the receiving party shall treat the Document as CONFIDENTIAL. If there is any dispute as to the CONFIDENTIAL designation, the procedures in paragraph 9 shall apply.

11. At the conclusion of this litigation, unless other arrangements are agreed upon, all Documents designated as "CONFIDENTIAL," whether electronic or physical, shall promptly be returned to the producing party or shall be destroyed or deleted by the receiving party, except counsel shall be entitled to retain one copy of documents designated as "Confidential" in their files. Where CONFIDENTIAL Documents are

destroyed or deleted, counsel for the receiving party shall promptly confirm such destruction or deletion.

12. The termination of this litigation shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of CONFIDENTIAL Documents pursuant to this Protective Order. The Court shall retain jurisdiction to enforce this Protective Order after the case has concluded.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity to be heard.

Dated: July 13, 2015

_____
United States District Court

Approved as to Form and Content:

s/ Ryan Klein
Ryan Klein
Sherman & Howard L.L.C.
90 South Cascade Avenue
Suite 1500
Colorado Springs, Colorado 80903
719-448-4028
rklein@shermanhoward.com

*Attorney for Plaintiff*

s/ Ian J. Kellogg
Ian J. Kellogg
Assistant United States Attorney
United States Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, CO 80202
303-454-0100
ian.kellogg@usdoj.gov

*Attorney for Defendants*